UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSEPH MCGOWAN,

                          Plaintiff,

                                                                                              Case # 12-CV-6557-FPG

v.

                                                                                              DECISION & ORDER

JOHN A. SCHUCK, et al.,

                          Defendants.

By Motion dated October 16, 2014, Plaintiff requested additional time to respond to the Defendants' Summary Judgment Motion, and then submitted that response on November 20, 2014. Plaintiffs' Motion for an Extension of Time (Dkt. # 9) is GRANTED, and his Response to the Defendants' Summary Judgment Motion (Dkt. # 10) is accepted as timely filed.

Plaintiff has also filed an application in this case requesting that the Court appoint counsel to represent him in this matter, asserting that he is unable to afford counsel, that his incarceration limits his ability to litigate this case, and that having counsel would "certainly better enable Plaintiff to present evidence and cross examine witnesses." Dkt. # 11.

There is no constitutional right to appointed counsel in civil cases. Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g., Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). The assignment of counsel in civil cases is within the trial Court's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The Court must consider the issue of appointment carefully, because "every assignment of a volunteer lawyer deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). In determining whether to assign counsel, the Court considers several factors, including whether the indigent's claims seem likely to be of substance; whether the indigent is able to investigate the facts concerning his claim; whether the legal issues are complex; and whether there are special reasons why the

appointment of counsel would be more likely to lead to a just determination. *See Hendricks v. Coughlin*, 114 F.3 390, 392 (2d Cir. 1997); *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir. 1986).

After considering these factors, I find that the appointment of counsel is not warranted in this case. The claims presented in this case – which involve a 2009 disciplinary hearing and a use of force and related medical indifference claim from 2011 – are not complex, and from reading the Plainitff's submissions, he appears to be articulate and has demonstrated the ability to adequately present his own claims. In addition, there are no special reasons that would favor the appointment of counsel, and his motion (Dkt. # 11), is therefore DENIED. It remains Plaintiff's responsibility to either retain counsel, or to press forward with this action *pro se*.

Finally, Plaintiff stated in his Motion that he "has limited access to case law Defendants' counsel cites in opposing papers (2014 case law is too new for prison law library to have)." Local Rule of Civil Procedure 7(a)(8), entitled "Service of Unpublished Decisions," provies that:

> In cases involving a pro se litigant, counsel shall, when serving a memorandum of law (or other submissions to the Court), provide the pro se litigant (but not other counsel or the Court) with printed copies of decisions cited therein that are unreported or reported exclusively on computerized databases.

Because Defendants' counsel has cited cases that are "unreported or reported exclusively on computerized databases," he was required to serve copies of those cases upon the Plaintiff along with his Motion for Summary Judgment. The Certificate of Service that accompanied the Defendants' Motion for Summary Judgment does not reference printed copies of unpublished cases, and Plaintiff's statement that he cannot access 2014 cases certainly suggests that printed copies of the unreported cases were not printed and mailed to the Plaintiff.

By December 12, 2014, Defendant's counsel shall comply with Local Rule 7(a)(8), and file a declaration with the Court evidencing compliance with the Rule. After receiving copies of the unpublished cases, Plaintiff may file a supplemental response to the Defendant's Motion for Summary Judgment by January 12, 2015.

IT IS SO ORDERED.

DATED:     Rochester, New York
                December 8, 2014

_____
HON. FRANK P. GERACI, JR.
United States District Judge