UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOSEPH MCGOWAN

                Plaintiff,

v.

JOHN A. SCHUCK, et al.,

                Defendants.
_____

Case # 12-CV-6557-FPG

DECISION AND ORDER

This is an action filed under 42 U.S.C. § 1983 by Joseph McGowan, who alleges that while he was an inmate at Attica Correctional Facility ("Attica") in 2009 and again in 2011, various Attica officials violated his constitutional rights. ECF No. 4. At present, two of the sixteen officials named in the Amended Complaint have been dismissed by the Court in a Screening Order pursuant to 28 U.S.C. § 1915.[1] ECF No. 5. Thirteen of the remaining fourteen defendants have been served with the summons and Amended Complaint. ECF Nos. 6, 7. That leaves one defendant, Matthew Rademacher, who has not yet been served. The purpose of this Order is to address this outstanding service issue.

The docket reflects that in June 2014, McGowan attempted to serve all of the fourteen defendants, including Rademacher, who remain in the case. McGowan is proceeding *in forma pauperis*, so he was entitled to rely on the U.S. Marshals to actually carry out this service. The U.S. Marshals were not able to serve Rademacher, however, because, at the time of attempted

---

[1] McGowan is proceeding *in forma pauperis*, and thus the Court must dismiss defendants from the case at any time if it determines that the Amended Complaint fails to state a claim against them. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, the Court has previously dismissed Defendants Chappius and Noeth from the case. ECF No. 5.

service, he was either suspended or no longer employed as a corrections officer at Attica. ECF No. 15.

Accordingly, shortly thereafter, the Court ordered New York State Assistant Attorney General Gary Levine, who appeared as counsel for the other defendants in this case, to provide a suitable address for Rademacher. ECF No. 16. Levine has since provided the Court with the name and address of an agent who will accept service on Rademacher's behalf. ECF No. 17. Thus, the Clerk of Court is now directed to cause the U.S. Marshals to serve Rademacher through his agent at the agent's address of record. Notably, given that McGowan attempted to serve Rademacher within the appropriate time frame after the Court screened his Amended Complaint,[2] the Court finds good cause here to extend the time for service on Rademacher.

In short, the time in which Rademacher may be served is hereby extended for 60 days so that the Clerk of Court can cause the U.S. Marshals to serve Rademacher's agent for service at his address of record.

IT IS SO ORDERED.

DATED: July 22, 2016
Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

---

[2] At the time McGowan filed his Amended Complaint, plaintiffs were generally required to serve defendants with the summons and complaint within 120 days after filing the complaint. Fed. R. Civ. P. 4(m) (amended in 2015 to provide for a 90-day period). For plaintiffs proceeding *in forma pauperis*, however, courts in this circuit have slightly altered this time frame; the 120-day period is tolled for the period between the plaintiff filing his complaint and the court issuing a screening order under § 1915. *See, e.g., Pendleton v. Goord*, 849 F. Supp. 2d 324, 330 (E.D.N.Y. 2012). In this case, the Court observes that McGowan attempted to serve Rademacher within the appropriate time frame because he caused the U.S. Marshals, within 120 days after the Court screened the Amended Complaint, to try to serve Rademacher.