JOSEPH MCGOWAN,
        Plaintiff,

    v.

JOHN SCHUCK et al.,
        Defendants.

ORDER
12-CV-6557

Currently pending before the Court is pro se plaintiff Joseph McGowan's motion to enforce a lien on defendant Matthew Rademacher's property. Docket # 52. For the reasons that follow, plaintiff's motion is **denied.**

Plaintiff asks the Court to create a lien pursuant to 28 U.S.C. § 1655 on defendant's property so that, in the event plaintiff receives a monetary award at the conclusion of this lawsuit, plaintiff can collect from defendant's estate within the Western District of New York. See Docket # 52 at 3. However, the creation of a lien for purposes of satisfying a potential judgment is not contemplated under section 1655. Section 1655 is a jurisdictional statute and allows a federal district court to exercise personal jurisdiction over an individual where jurisdiction would not otherwise lie, based on the presence of an existing lien. In re Millenium Seacarriers, Inc., 419 F.3d 83, 101 (2d Cir. 2005) (section 1655 "permits courts to quiet title to personal property of an absent defendant"); Krishna v. Colgate Palmolive Co., No. 90 Civ. 4116 (CSH), 1991 WL 125186, at *3

(S.D.N.Y. July 2, 1991) (section 1655 "allows a federal district court, in an action to enforce a claim to real or personal property, to order an absent defendant to appear when he cannot be served within the state.").

Here, plaintiff does not have an existing lien against defendant, rather he has commenced a lawsuit alleging damages for a constitutional violation. Moreover, defendant is not "absent" — he has, by and through counsel, answered the complaint and is actively defending this lawsuit. Plaintiff is prosecuting this action and if, at the conclusion, he is awarded monetary compensation, the Court may enforce a judgment at that time. See 28 U.S.C. § 3201 (judgment in civil action creates a lien on all real property). Accordingly, 28 U.S.C. § 1655 is not properly invoked in the present case and plaintiff's motion to "enforce a lien" must be **denied.**

**IT IS SO ORDERED.**

_____
Jonathan W. Feldman
United States Magistrate Judge

Dated: January 20, 2018
       Rochester, New York