UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOSEPH MCGOWAN,

        Plaintiff,

   v.

JOHN A. SCHUCK., et al.

        Defendants.

_____

Case # 12-CV-6557-FPG

DECISION AND ORDER

## INTRODUCTION

*Pro se* Plaintiff Joseph McGowan filed this civil rights action against Defendants pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment while he was incarcerated at Attica Correctional Facility. ECF No. 4 (the "Amended Complaint"). The Court previously dismissed several of Plaintiff's claims. ECF Nos. 3, 5, 25. Plaintiff's remaining claims include excessive force claims against Correction Officers Hibsch, Rademacher, and Hulton and an inadequate medical care claim against Nurse Jelonek and Sgt. Meegan. ECF No. 4.

On September 14 and 22, 2017, Defendants moved for summary judgment (ECF Nos. 69 and 71), and on November 22, 2017, Plaintiff submitted a memorandum in opposition to Defendants' motion with a number of attached exhibits (ECF No. 75). For the reasons that follow, Defendants' motions are GRANTED because Plaintiff failed to exhaust his administrative remedies as to each of his remaining claims before he filed this action.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat

an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). While the court must view the inferences to be drawn from the facts in the light most favorable to the nonmoving party, *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), a party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986).

The non-moving party may defeat the summary judgment motion by making a showing sufficient to establish that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). However, "mere conclusory allegations or denials" are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist. *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980).

Because Plaintiff is proceeding *pro se,* his submissions are read liberally and interpreted to raise the strongest claims they suggest. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (citation omitted). Nevertheless, proceeding *pro se* does not relieve a litigant from the usual summary judgment requirements. *See Wolfson v. Bruno*, 844 F. Supp. 2d 348, 354 (S.D.N.Y. 2011).

## DISCUSSION

The Amended Complaint includes two excessive force claims, arising out of Defendants' use of force on May 16 and July 26, 2011, and a denial of medical care claim from July 26, 2011. Defendants argue that they are entitled to summary judgement on all three claims because Plaintiff failed to exhaust his administrative remedies before he filed this action. Defendants filed a sworn transcript of Plaintiff's deposition testimony to support their motion. ECF No. 69-3.

The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Under the PLRA, before bringing a case in federal court, an inmate "must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself." *Johnson v. Killian*, 680 F.3d 234, 238 (2d Cir. 2012) (quoting *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal citation and quotation marks omitted)).

> To satisfy [the exhaustion] requirement, prisoners in New York must ordinarily follow a three-step [DOCCS] grievance process. The first step in that process is the filing of a grievance with the Inmate Grievance Resolution Committee. Next, the inmate may appeal an adverse decision to the prison superintendent. Finally, the inmate may appeal the superintendent's decision to the Central Office Review Committee ("CORC"). *Brownell v. Krom*, 446 F.3d 305, 309 (2d Cir. 2006). In general, it is only upon completion of all three levels of review that a prisoner may seek relief in federal court under § 1983.

*Crenshaw v. Syed*, 686 F. Supp. 2d 234, 236 (W.D.N.Y. 2010) (citing *Neal v. Goord*, 267 F.3d 116, 121 (2d Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516 (2002)).

The Supreme Court recently noted in *Ross v. Blake* that apart from "one significant qualifier," that is, the availability of administrative remedies, "the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.'" 136 S. Ct. 1850, 1856 (2016) (internal quotation marks omitted) ("[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion."). There are three "circumstances in which an administrative remedy, although officially on the books, is not capable

of use to obtain relief:" (1) prison officials are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the "administrative scheme" is "so opaque that . . . no ordinary prisoner can discern or navigate it;" or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 123-24 (2d Cir. 2016) (quoting *Ross*, 136 S. Ct. at 1859-60).

Here, Plaintiff acknowledged in his deposition testimony that he did not file a "formal grievance" concerning the May 16 or July 26, 2011 incidents because he was afraid of being assaulted. ECF No. 69-3 at 42, 44-45, 50-51, 88. By way of explanation, Plaintiff noted that he filed a grievance in 2009 concerning an incident that happened on October 30 of that year. *Id*. at 32-33, 56. As a result of an ensuing disciplinary proceeding, he was transferred from Attica to Southport Correctional Facility in 2010 to serve an 18-month sentence in the Special Housing Unit. *Id*. at 53.

In 2011, Plaintiff was transferred back to Attica and transported to the C Block area where the 2009 incident occurred. Upon his arrival at C Block, CO Hibsch asked him, "why did they send you back?" and then "struck" Plaintiff "in the face" with a clipboard. *Id*. at 51-52, 64, 67-68, 70-71. Shortly thereafter, a group of correction officers, including Defendants Rademacher and Hibsch, assaulted Plaintiff. *Id*. at 77-85. During Plaintiff's deposition, when asked "how" he knew that he "was assaulted in 2011 for filing a grievance in 2009," Plaintiff replied that he could not "speak for the mind frame of . . . another individual." *Id*. at 51, 58-59. Plaintiff further testified that, instead of filing formal grievances concerning the incidents alleged in his Complaint, he sent letters complaining of Defendants' conduct to the Attica superintendent, the Inspector General's Office, and "various people." *Id*. at 42, 48.

Upon moving for summary judgment, Defendants contend that Plaintiff did not attempt to comply with any of the grievance and appeal procedure steps directed by DOCCS in N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5. They further contend that sending a letter to the facility's superintendent or the Inspector General's Office does not satisfy a prisoner's exhaustion obligations. Plaintiff responds that "he had no potential to obtain any real remedy" through the grievance process, arguing that he "pursued legal recourse through the filing of legal papers, dating back to 2009," but "[n]ot one of these legal resource avenues provided any relief." ECF No. 75 at 10. He contends that "any remedy that [he] could and/or potentially attempt was futile . . . and accomplish[ed] nothing that could provide any ordinary means of relief." *Id*. at 11. Plaintiff further argues: "The ONLY PURPOSE ACCOMPLISHED was the excessive force used against [him] by Attica C.F. C.O. staff." *Id.*

It is undisputed that there was an inmate grievance procedure program in place at Attica during the period alleged in the Amended Complaint and that Plaintiff was familiar with, and had previously participated in, the grievance process. ECF No. 69-3 at 28-33, 44-47; *see generally* 42 U.S.C. § 1997e(a). It is also undisputed that Plaintiff failed to file a grievance related to the challenged conduct, as noted above. ECF No. 75 at 17. Consequently, the Court must conclude that Plaintiff failed to exhaust his administrative remedies before filing this action. Even assuming that the grievance process was "ineffective," as Plaintiff contends, he is nonetheless subject to the administrative remedy exhaustion requirement under § 1997e(a). Plaintiff has not introduced any evidence that the grievance process was unavailable to him.

First, Plaintiff's claim that he failed to file grievances regarding the alleged assaults because he feared a retaliatory assault by the Attica COs "amounts to nothing more than a 'generalized fear of retaliation,' which is insufficient to excuse his failure to exhaust his

administrative remedies." *Bookman v. Lindstrand*, No. 915CV1542MADDEP, 2018 WL 3121688, at *10 (N.D.N.Y. Feb. 14, 2018) (collecting cases), *report and recommendation adopted*, No. 915CV1542MADDEP, 2018 WL 1470585 (N.D.N.Y. Mar. 26, 2018). Here, Plaintiff has "failed to adduce any evidence that he was subjected to any specific, affirmative threats of retaliation for utilizing the grievance procedure." *Id*. He states only that he was assaulted in 2011 after filing a grievance in 2009 against some of the same individuals. Moreover, Plaintiff's allegation that he was afraid to file a formal grievance against the accused officers is contradicted by his admissions that he made several informal complaints to the Attica superintendent, who he notes to be the COs' "immediate supervisor" (ECF No. 75 at 13), as well as the Inspector General's Office and "various" other individuals.

Second, Plaintiff's claim that he failed to file grievances because he perceived the process to be futile or "ineffective" because his 2009 grievance was an "attempt to have further relief or some type of effective relief" (ECF No. 69-3 at 44), does not excuse his failure to comply with the exhaustion requirement. *See Lee v. Carson*, 310 F. Supp. 2d 532, 537 (W.D.N.Y. 2004) ("[W]hether plaintiff believed that his efforts to use the grievance process would be futile is of no consequence."). Allegations of

> past problems with the grievance procedure, and that he did not receive responses to prior grievances that he filed in unrelated matters . . . are irrelevant as there is no evidence in the record to even suggest-much less demonstrate-that Plaintiff even attempted to comply with the grievance procedure as it relates to this action.

*Mims v. Yehl*, No. 13-CV-6405-FPG, 2014 WL 4715883, at *4 (W.D.N.Y. Sept. 22, 2014); *see also Lee*, 310 F. Supp. 2d at 537 ("If a statute mandates exhaustion of administrative remedies, even a futile administrative process must be utilized.") (citing *Giano v. Goord*, 250 F.3d 146, 150-51 (2d Cir. 2001) (holding that the alleged ineffectiveness or futility of pursuing administrative remedies does not excuse an inmate from his obligation to exhaust his administrative remedies

pursuant to the PLRA).  Moreover, the unfavorable result of one past grievance is insufficient to raise a material issue of fact as to whether prison officials were "unable or consistently unwilling to provide any relief to aggrieved inmates."  *Ross*, 136 S. Ct. at 1859.

Third, Plaintiff's suggestion that his letters or communications with prison officials and the Inspector General's Office satisfy the exhaustion requirement is also unavailing.  Even before *Ross*, "decisions in this circuit have repeatedly held that complaint letters to the DOCCS commissioner or the facility superintendent do not satisfy the PLRA's exhaustion requirements." *Mims*, 2014 WL 4715883, at *5 (quoting *Muhammad v. Pico*, No. 02 Civ. 1052(AJP), 2003 WL 21792158, at *8 (S.D.N.Y. Aug.5, 2003) (collecting cases) and citing *Stephenson v. Dunford*, 320 F. Supp. 2d 44, 46, 52 (W.D.N.Y. 2004) (finding no exhaustion where inmate complained directly to Inspector General), *vacated on other grounds*, 139 F. App'x 311 (2d Cir. 2005)).  "The Second Circuit has made clear that even if prison officials have notice of a prisoner's claims as a result of such informal communications, the purposes of the PLRA's exhaustion requirement can only be realized through strict compliance with the applicable administrative procedures."  *Mims*, 2014 WL 4715883, at *5 (internal quotation marks omitted); *see also Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007) (holding that making informal complaints to prison officials "does not constitute proper exhaustion") (internal quotation marks omitted).

For these reasons, the Court finds that there are no genuine issues of material fact as to whether Plaintiff exhausted his administrative remedies.  Consequently, Defendants' Motions for Summary Judgement are GRANTED, and the Amended Complaint is DISMISSED WITH PREJUDICE.

**CONCLUSION**

Defendants' Summary Judgment Motions (ECF Nos. 69, 71) are GRANTED and the Amended Complaint is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and that leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Plaintiff should direct further requests to proceed on appeal as a poor person to the United States Court of Appeals for the Second Circuit on motion in accordance with Federal Rule of Appellate Procedure 24.

IT IS SO ORDERED.

Dated: September 11, 2018
      Rochester, New York

                                           _____
                                           HON. FRANK P. GERACI, JR.
                                           Chief Judge
                                           United States District Court