UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH MCGOWAN,

                    Plaintiff,                  Case # 12-CV-6557-FPG

v.                                        DECISION AND ORDER

JOHN A. SCHUCK, et al.,
                    Defendants.
_____

## INTRODUCTION

On September 12, 2018, the Court granted summary judgment in Defendants' favor and dismissed the *pro se* Plaintiff's Amended Complaint with prejudice. ECF No. 78. On September 13, 2018, the Clerk of Court entered judgment and Defendants Erik Hibsch, Edward G. Hulton, Jr., Timothy Jelonek, and Joseph C. Meegan filed a Bill of Costs.[1] ECF Nos. 79, 80. These Defendants seek $735.21 for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" (*id.* at 1), namely, Plaintiff's deposition that they used in their successful summary judgment motion. ECF No. 80. On October 5, 2018, Plaintiff filed a memorandum in opposition to the Bill of Costs. ECF No. 82.

For the reasons that follow, Defendants' Bill of Costs (ECF No. 80) is GRANTED.

## DISCUSSION

The Court is authorized to award costs pursuant to Federal Rule of Civil Procedure 54(d), which provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). "[B]ecause Rule 54(d) allows costs 'as of course,' such an award against the losing party

---

[1] Assistant United States Attorney General Gary M. Levine represented these Defendants and Andrew J. Pace represented the remaining Defendant, Matthew P. Rademacher.

is the normal rule obtaining in civil litigation, not an exception." *Hassan v. City of Ithaca*, No. 6:11-CV-06535 (MAT), 2016 WL 4430604, at *1 (W.D.N.Y. Aug. 21, 2016) (quoting *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 136 S. Ct. 627 (2016)).

Pursuant to 28 U.S.C. § 1920(2), the Court "may tax as costs . . . [f]ees for printed or electronically recorded transcripts *necessarily obtained for use in the case*." (emphasis added). The Court's "Guidelines for Bills of Costs" specifies the supporting documentation that must be submitted when a party seeks deposition transcript costs. *See* United States District Court for the Western District of New York, Guidelines for Bills of Costs at 7, 9 (effective Jan. 1, 2015); *see also* Loc. R. Civ. P. 54(d), (e), (g).

Plaintiff cannot dispute that his deposition testimony was "necessarily obtained for use in the case," 28 U.S.C § 1920(2), because Defendants submitted it as part of their summary judgment motion and the Court cited it in its Decision and Order granting summary judgment. ECF No. 69-3; ECF No. 78 at 4-6. Accordingly, it is a properly taxable cost. *See Hassan*, 2016 WL 4430604, at *1 (citing *Arias-Zeballos v. Tan*, No. 06 CIV. 1268(GEL), 2009 WL 3335330, at *2 (S.D.N.Y. Oct. 14, 2009) (plaintiff's deposition transcript was taxable where plaintiff did "not dispute" that her deposition testimony was used by district court in ruling on the parties' cross-motions for summary judgment, was submitted as part of defendant's motion for summary judgment, and cited by district court in the resulting opinion and order)). Moreover, Defendants complied with the requirements set forth in this District's Local Rules of Civil Procedure and Guidelines for Bills of Costs. ECF No. 80; *see* Loc. R. Civ. P. 54(d), (e), (g); Guidelines for Bills of Costs at 7, 9.

Since the Court finds that the deposition transcript is a properly taxable cost, it will now evaluate whether Plaintiff has met his "burden to show that costs should not be imposed; for

2

example, costs may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Whitfield*, 241 F.3d at 270 (citations omitted). The Court "may deny costs on account of a losing party's indigency, but indigency *per se* does not automatically preclude an award of costs." *Id.* (citation omitted).

Plaintiff argues that he was deposed only because "Defendants stalled the case by not filing the required Answer to the original Amended Complaint and upon the Plaintiff filing the Motion for Default." ECF No. 82 at 6. The Court rejects this argument—there is no evidence of misconduct in this case and, for the reasons stated in its Decision and Order (ECF No. 25), the Court denied Plaintiff's Default Judgment Motion on September 6, 2016.

Plaintiff also argues that he has "very limited financial resources," that paying the Bill of Costs "will place further financial debt" on him, and that he "currently earns minimal prison wages." ECF No. 82 at 5. These conclusory statements are insufficient to overcome the presumption that costs should be awarded to Defendants as the prevailing parties. *See, e.g.*, *Hassan*, 2016 WL 4430604, at \*2 (finding a "conclusory submission regarding Plaintiff's alleged indigency . . . insufficient to overcome the presumption that costs are to be awarded to Defendants as prevailing parties"); *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994) (finding that incarcerated plaintiff was not *per se* indigent and had "failed to establish in this record that he was incapable of paying the court-imposed costs at this time or in the future" where his "response to the prison officials' petition for costs merely alleged, without documentary support, that he was indigent and therefore he should not have to pay costs")

Plaintiff also asserts that he has been incarcerated since 1996 and will not be eligible for release until at least February of 2021, and that his financial situation has not changed since the

Court granted him *in forma pauperis* status at the beginning of this case. ECF No. 82 at 5. These assertions are unpersuasive. "[B]eing a state prisoner does not *per se* establish that one is without funds" and the *in forma pauperis* statute, 28 U.S.C. § 1915, "expressly provides for awarding costs at the conclusion of the suit or action as in other cases." *McGill*, 18 F.3d at 459.

Accordingly, for the reasons stated, the Court finds that Plaintiff has not carried his burden to show that costs should not be imposed and the Court grants Defendants' Bill of Costs.

## CONCLUSION

Defendants' Bill of Costs (ECF No. 80) is GRANTED and Defendants are awarded $735.21. The Clerk of the Court is directed to amend the judgment entered in this case to include the sum stated in the Bill of Costs.

IT IS SO ORDERED.

Dated: November 16, 2018
       Rochester, New York

                                               _____
                                               HON. FRANK P. GERACI, JR.
                                               Chief Judge
                                             United States District Court